# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 07-20034-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| ROBERTO OCHOA, ) | No. 16-2469-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Pro Se Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Doc. #56) filed June 24, 2016. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

## Factual Background

On March 28, 2007, a grand jury returned an indictment which charged defendant with possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) (Count 1), making his residence available for storing, using and distributing methamphetamine in violation of 21 U.S.C. § 856(a)(1) (Count 2) and carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). On September 10, 2007, defendant pled guilty to Counts 1 and 3.

On December 17, 2007, the Court sentenced defendant to 180 months in prison (the statutory minimum of 120 months on Count 1 and the statutory minimum of 60 months on Count 3, with the terms to be served consecutively).[1]

---

[1] At sentencing, the Court found a base offense level of 32 because the offense involved 137.4 net grams of actual methamphetamine. U.S.S.G. § 2D1.1(c)(4); see Presentence
(continued...)

On June 24, 2016, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  Defendant asserts that under Johnson v. United States, 135 S. Ct. 2551 (2015), the Court should vacate his conviction under Section 924(c).

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant argues that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine.[2]  135 S. Ct.. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257, 1260-61 (2016).

Defendant argues that based on the reasoning in Johnson, this Court improperly imposed a 60-month consecutive sentence under Section 924(c)(1) based on a drug trafficking offense which

---

[1](...continued)
Investigation Report dated November 28, 2007, ¶ 20.  The Court subtracted three levels because defendant timely accepted responsibility.  U.S.S.G. § 3E1.1.  Defendant's total offense level was 29, with a criminal history category II.  After applying the statutory minimum, the resulting guideline range was 120 to 121 months on Count 1 and 60 months on Count 3.  See Presentence Investigation Report dated November 28, 2007, ¶¶ 47-48.

[2]  Under the ACCA, in addition to certain enumerated crimes and crimes which contain specific elements, the definition of "violent felony" includes a residual clause which covers any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).  Likewise, the definition of a "crime of violence" under Section 924(c) includes a similar residual clause for a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  Although the two clauses are similar, Johnson only addressed the validity of the residual clause in Section 924(e)(2)(B)(ii).

no longer qualifies as a "crime of violence" under the statute. Section 924(c)(1)(A) makes it unlawful for an individual (1) to use or carry a firearm during and in relation to either a drug trafficking crime or a crime of violence, or (2) to possess a firearm in furtherance of either a drug trafficking crime or a crime of violence. The grand jury charged and defendant pled guilty to possessing and carrying a firearm in relation to a "drug trafficking crime." While Section 924(c)(1)(A) also prohibits possessing and carrying a firearm in relation to a "crime of violence," defendant's conviction did not rely on that portion of the statute. Accordingly, Johnson has no potential impact in this case. The Court overrules defendant's motion to vacate his sentence based on Johnson.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no response by the government or evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Pro Se Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Doc. #56) filed June 24, 2016 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 18th day of July, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).